1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Gloria Baca,                                   No. CV-20-01036-PHX-ROS

10                   Plaintiff,                      **ORDER**

11   v.

12   Johnson & Johnson, et al.,

13                   Defendants.

14

15          Plaintiff Gloria Baca had vaginal mesh implanted in 2006.  She believes she suffered

16   injuries from the mesh and, in 2020, she filed this suit against Johnson & Johnson and

17   Ethicon, Inc., the mesh's manufacturers.   Those entities seek dismissal of Baca's

18   manufacturing defect claim as well as her request for punitive damages.   There are

19   insufficient facts alleged in the operative complaint to support Baca's manufacturing defect

20   claim and it will be dismissed.  The request for punitive damages, however, may remain.

21                                      **BACKGROUND**

22          For present purposes, the only relevant facts are that Baca had "Gynecare TVT

23   mesh" implanted in 2006.  That mesh was manufactured by Johnson & Johnson, through

24   its wholly owned subsidiary Ethicon, Inc. (Doc. 30 at 1).  Baca experienced complications

25   she attributes to the mesh and, in 2019, Baca "underwent vaginal mesh revision/excision."

26   (Doc. 30 at 1).  On May 28, 2020, Baca filed the present suit alleging sixteen claims,

27   including manufacturing and design defect claims.

28          Before June 2018, cases of this type were transferred to join a multi-district

1    litigation. As of June 2018, however, the MDL stopped accepting transfers. Despite not

2    being a part of the MDL, the MDL is in the background and appears to have impacted

3    Baca's original complaint. That complaint consisted almost entirely of copied and pasted

4    allegations from other MDL-related suits. (Doc. 29 at 2). Thus, the original complaint

5    contained practically no meaningful allegations regarding Baca's particular situation.

6    Defendants moved to dismiss the complaint in its entirety.

7          In November 2020, the Court dismissed the original complaint. As relevant here,

8    Baca's "manufacturing defect" claim was dismissed because there were no factual

9    allegations "identify[ing] a specific manufacturing defect," such as facts showing her mesh

10   had not been manufactured as designed. (Doc. 29 at 5). The Court also dismissed Baca's

11   claim for punitive damages, reasoning that Arizona law allows punitive damages in limited

12   circumstances and Baca had not alleged such circumstances were present. (Doc. 29 at 11).

13   Baca was granted leave to amend, which she did in December 2020.

14         Baca's amended complaint is much more focused than her original. She now asserts

15   only four claims: manufacturing defect, failure to warn, design defect, and negligence.

16   (Doc. 30). While Baca no longer attempts to allege a separate claim for punitive damages,

17   the amended complaint seeks punitive damages in the prayer for relief. (Doc. 30 at 14).

18   Defendants responded to the amended complaint by moving to dismiss the manufacturing

19   defect claim and the request for punitive damages. According to Defendants, the amended

20   complaint still lacks sufficient factual allegations supporting the manufacturing defect

21   claim. In addition, Defendants claim the amended complaint does not establish Baca could

22   be entitled to an award of punitive damages.

                                           **ANALYSIS**

23

24   **I.      Manufacturing Defect**

25         Determining whether Baca has adequately alleged a manufacturing defect claim

26   requires application of two basic principles regarding motions to dismiss. First, "[f]actual

27   allegations must be enough to raise a right to relief above the speculative level." *Bell Atl.*

28   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And second, a complaint must do more than

1  "pleads facts that are merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556

2  U.S. 662, 678 (2009).   Here, Baca's amended complaint contains very few factual

3  allegations relevant to her manufacturing defect claim.  And even accepting as true all of

4  those factual allegations, Baca's entitlement to relief remains speculative because her

5  allegations are "merely consistent with" Defendants' liability.  *Id.*

6      In dismissing the manufacturing defect claim in Baca's original complaint, the

7  Court explained a plausible claim must be supported by facts establishing "something . . .

8  went wrong during the manufacturing process."  (Doc. 29 at 4).  Thus, in amending her

9  complaint Baca needed to identify the manufacturing defect and allege how that particular

10  defect was "tied to the manufacturing process."  (Doc. 29 at 5).  Instead of doing that,

11  Baca's amended manufacturing defect claim pursues a different approach.

12      According to the amended complaint, Baca's mesh "deviated materially from [its]

13  design and manufacturing specifications" but no specific deviation is identified. (Doc. 30

14  at 4).  Baca simply alleges there must have been a manufacturing defect of some sort in her

15  mesh because mesh "of the same model number as the mesh implanted in [her], functioned

16  as designed and did not contract within [other] patients nor [did it cause] them injuries and

17  harm of the nature sustained by Plaintiff."  (Doc. 30 at 4).  In addition, the defect in Baca's

18  mesh

19
20
21
22
> is directly tied to the manufacturing process because properly manufactured mesh implanted in some other patients did not contract, retract, shrink, degrade, fragment, disintegrate, creep, and cause chronic inflammation, infections, pain, scarring nor require other patients to acquire have revisions surgeries, all of which occurred in the case of Plaintiff Gloria Baca.

23  (Doc. 30 at 4).  Unfortunately, Baca's opposition to the motion to dismiss does not provide

24  any meaningful explanation how these allegations are sufficient in light of the Court's order

25  on the earlier motion to dismiss.

26      In opposing dismissal of her amended manufacturing defect claim, Baca mostly

27  copied and pasted sentences from her amended complaint without meaningful elaboration.

28  Baca's only elaboration is her statement that "[i]t is not speculation to assert that, were

1   Plaintiff's TVT mesh manufactured to the same quality and efficacy as those that were not

2   defective and did not cause those patients injury, Plaintiff herself would not have been

3   injured." (Doc. 35 at 3). Baca provides no explanation how generic allegations that she

4   was injured by an unidentified manufacturing defect are non-speculative.

5          If Baca has facts showing her mesh was defectively manufactured, as well as facts

6   showing a defect caused her injuries, she should have alleged them in her amended

7   complaint. Standing alone, the amended complaint's allegations that Baca was injured

8   while other patients were not, do not plausibly establish Baca's mesh had a manufacturing

9   defect. Baca's mesh may have been implanted incorrectly or Baca might have

10  idiosyncrasies that rendered her susceptible to complications even with a correctly

11  manufactured mesh. While Baca is entitled to all reasonable inferences, it is not reasonable

12  to conclude Baca's mesh had a manufacturing defect solely because Baca suffered

13  complications. *Iqbal*, 556 U.S. at 678 (pleading insufficient if it pleads "facts that are

14  merely consistent with a defendant's liability"). The manufacturing defect claim will be

15  dismissed with leave to amend.

16         Should Baca choose to amend her manufacturing defect claim it will only be

17  allowed if she alleges *specific* facts showing how her mesh was manufactured contrary to

18  its design and the resulting injury. For example, Baca might believe properly manufactured

19  mesh never contracts. If so, she must allege that fact. Then, if Baca's mesh contracted,

20  she should allege that fact as well. Finally, Baca must allege the facts showing the

21  contraction by her mesh was due to how her mesh differed from correctly manufactured

22  mesh. If Baca's mesh contracted because it contained a compound contrary to its intended

23  ingredients, Baca must allege that. Alternatively, if Baca's mesh was manufactured in a

24  shape contrary to the intended design, Baca must allege that. Regardless of the precise

25  contours of the defect at issue, Baca must allege the specific facts showing the particular

26  manufacturing defect such that all parties can pursue appropriate discovery regarding that

27  theory. *See OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1024 (9th

28  Cir. 2018) ("A complaint guides the parties' discovery, putting the defendant on notice of

1    the evidence it needs to adduce in order to defend against the plaintiff's allegations.").

2    **II.      Punitive Damages**

3    In her original complaint, Baca alleged a separate claim for punitive damages. (Doc.

4    1 at 54). The Court dismissed that claim, reasoning Baca had not alleged sufficient facts

5    establishing she could obtain punitive damages based on the limitations Arizona law places

6    on punitive damages in suits of this type. In her amended complaint, Baca does not allege

7    a separate claim for punitive damages but she does list punitive damages in her prayer for

8    relief. Defendants now seek "dismissal" of the request for punitive damages, claiming

9    Baca has again failed to establish a plausible basis to recover such damages under Arizona

10   law.

11   The original dismissal of Baca's standalone "claim" for punitive damages was

12   correct given that, under Arizona law, "[t]here is no such thing as a cause of action simply

13   for punitive damages."[1] *Quiroga v. Allstate Ins. Co.*, 726 P.2d 224, 226 (Ariz. Ct. App.

14   1986). But now that Baca has properly listed punitive damages merely as one form of

15   relief, it would be improper to "dismiss" such a request at this point. An Arizona statute

16   imposes special limits on the award of punitive damages in cases of this type. A.R.S. § 12-

17   689. That statute, however, involves multiple fact-based exceptions that turn on a

18   manufacturer's conduct. For example, Baca might be able to recover punitive damages if

19   Defendants withheld information from a government agency. A.R.S. § 12-689(B)(2).

20   Whether that occurred is something that may be uniquely within Defendants' knowledge.

21   At the very least, it would be impractical to require a plaintiff affirmatively allege not just

22   the facts within her knowledge regarding inappropriate behavior by a product

23   manufacturer, but also all the other facts to show she can take advantage of a statutory

24   exception to the bar on punitive damages. The pleading stage is not the right time for such

25   an inquiry.

26   Moreover, it is doubtful Baca was required to explicitly seek punitive damages in

27   her complaint if she wishes to pursue such damages. *See, e.g.*, *Cancellier v. Federated*

28

---

[1] The parties seem to agree Arizona law will govern all aspects of Baca's claims, including her request for punitive damages. The Court will assume that is correct.

*Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982) ("No specific prayer for emotional distress or punitive damages is needed."). *See also Red Rock Commc'ns, Inc. v. Am. Telecasting, Inc.*, 2006 WL 2432628, at *5 (D. Nev. Aug. 21, 2006) ("Under Rule 54(c), [the plaintiff's] failure specifically to seek punitive damages on the remaining claims does not preclude a judgment awarding punitive damages."). If the request for punitive damages was "dismissed" as Defendants request, Baca might still be able to pursue discovery related to punitive damages and recover punitive damages at trial. Baca may or may not be entitled to punitive damages but that is a matter left for a more developed record.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 34) is **GRANTED IN PART**. The claim for manufacturing defect is **DIMISSED WITH LEAVE TO AMEND**. No later than **June 28, 2021**, Plaintiff shall either file an amended complaint or file a statement indicating no amended complaint will be filed. Defendants need not answer the current complaint unless Plaintiff files a statement indicating she will not amend. If Plaintiff files such a statement, Defendants shall answer the current complaint no later than **July 6, 2021**. If Plaintiff files an amended complaint, Defendants shall respond to that complaint within the deadlines set by the rules.

Dated this 16th day of June, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge